# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 56716-4-II |
| Respondent, | |
| v. | |
| RYAN BESCH, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.— Ryan Besch struck his girlfriend, Lisa Schoessler, in the face and she briefly lost consciousness. The State charged him with second degree assault. At trial, Besch tried to testify about what he said to Schoessler as she was regaining consciousness. The State made a hearsay objection, which the trial court sustained. The jury convicted Besch.

On appeal, Besch argues that the trial court improperly excluded Besch's out of court statement because it satisfied the exception to hearsay for a then existing state of mind, including intent, and the exclusion violated his right to present a defense. The State argues that the statement was inadmissible, that Besch was able to present his defense, and any error was harmless. We affirm Besch's conviction.

### FACTS

Besch and Schoessler argued one evening, and Besch injured Schoessler, causing a cut on her eyebrow that needed several stitches. The State charged Besch with two counts of second degree assault.

At trial, Schoessler testified that she returned from a visit to a friend's house and Besch was angry with her. Besch shouted threats at her as she was talking to a neighbor outside, and then Besch tried to burn some of her belongings.

Eventually, Schoessler went to bed in an upstairs bedroom, asking Besch to sleep downstairs. Besch stormed up the stairs toward the bedroom, punching the stair rail on the way up. Schoessler locked the bedroom door and was sitting on the bed when Besch kicked in the door. Schoessler testified that she had pepper spray, which she sprayed toward Besch, but he grabbed her and squeezed her so tightly that she lost consciousness for a short time.

Besch went back downstairs. When he returned to the bedroom, Schoessler attempted to pepper spray Besch again, but she testified that "it did not go off." 2 Verbatim Rep. of Proc. (VRP) at 244. She testified that Besch then jumped over the bed with a closed fist that was "cocked as he was jumping, and . . . came down with a very direct blow" to her temple. *Id.* at 205-06.

Besch testified that the pepper spray hit him in the face, he put his hands up and tried to avoid the spray, and he "tripped over something . . . on the floor." 3 VRP at 379. He explained that he "leapt onto the bed over and away" from Schoessler. *Id.* at 379. He "remember[ed] very profoundly [his] knee hitting something very hard." *Id.* at 380. The blow caused Schoessler to bleed profusely and briefly lose consciousness.

During Besch's testimony, defense counsel asked if Besch said anything to Schoessler when she woke up. The State objected, asserting that the statement would be hearsay. Outside of the jury's presence, defense counsel responded that the statement was not to prove the truth of the matter asserted but was admissible because it addressed Besch's state of mind at that time. Defense

2

counsel contended that Besch's state of mind was relevant to his intent. But counsel did not make an offer of proof to show what it was that Besch had said.

The trial court sustained the objection, explaining that counsel could ask directly about Besch's intent and state of mind, "but what you're asking is for an out-of-court statement that is being offered for the truth of the matter to come into evidence." *Id.* at 382. "[T]he question was basically 'What did you say to [Schoessler]?' and that is hearsay." *Id.* at 383. Moreover, Besch's testimony so far did not support admission as an excited utterance under that exception to the hearsay rule.

A police officer who responded to the scene testified repeatedly that Besch told the officer he accidentally kneed Schoessler in the face. The officer said Besch was apologetic. The other officer who arrived to the scene testified that the residence smelled strongly of pepper spray and there was a blood trail leading to the bedroom. The State offered photographs of Besch with blood on him, including on the knee of his pants and hands, as well as pictures of reddened knuckles on his right hand.

A jury convicted Besch of one count of second degree assault based on the blow to Schoessler's head, but it acquitted on the other count that was based on strangulation. Besch appeals his conviction

## ANALYSIS

### I. ADMISSIBILITY UNDER ER 803(a)(3)

Besch argues that the excluded statement was admissible under ER 803(a)(3) because it was offered to "establish his state of mind," specifically that "the blow [that] caused Schoessler's injury was accidental and not intentional." Br.of Appellant at 7, 9. We disagree.

We review a trial court's evidentiary rulings for abuse of discretion. *In re the Detention of Post*, 170 Wn.2d 302, 309, 241 P.3d 1234 (2010). We defer to the trial court unless "'no reasonable person'" would adopt the trial court's view. *State v. Clark*, 187 Wn.2d 641, 648, 389 P.3d 462 (2017) (quoting *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001)) (internal quotation marks omitted).

Hearsay is an out of court statement offered to prove the truth of the matter asserted. ER 801(c). A party's own out of court statement is hearsay if they seek to introduce their own prior statement as proof of the matter asserted. *See State v. Finch*, 137 Wn.2d 792, 824-25, 975 P.2d 967 (1999). Hearsay is not admissible unless it falls under a specified exception within a statute or the court rules. ER 802.

ER 803(a)(3) provides a hearsay exception for a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)," so long as the statement is not one of "memory or belief to prove the fact remembered or believed" unless it relates to the declarant's will. ER 803(a)(3). The exception is "applicable in instances where the state of mind of the [declarant] is at issue, such as in cases where the defenses of accident or self-defense are interposed." *State v. Powell*, 126 Wn.2d 244, 266, 893 P.2d 615 (1995). "The rule establishes an exception to the hearsay rule for statements expressing *emotions or feelings*---statements expressing the declarant's joy, fear, anxiety, hatred, sorrow, and the like." 5D KARL B. TEGLAND & ELIZABETH A. TURNER,

No. 56716-4-II

WASHINGTON PRACTICE: COURTROOM HANDBOOK ON WASHINGTON EVIDENCE § 803:8, at 438-39 (2022-2023 ed.)(emphasis added).

Moreover, "'then' in the term 'then-existing' refers to the time the statement was made." *State v. Sanchez-Guillen*, 135 Wn. App. 636, 646, 145 P.3d 406 (2006). The Washington Supreme Court has held that a statement made "three or four days before" the incident can show relevant evidence about the declarant's intent or state of mind. *State v. Athan*, 160 Wn.2d 354, 381, 158 P.3d 27 (2007). In contrast, Division One has held that a statement made "a couple of days after" the incident at issue was inadmissible as a statement of memory or belief, and it did not reflect the declarant's state of mind at the time of the incident. *Ensley v. Mollmann*, 155 Wn. App. 744, 755, 230 P.3d 599 (2010).

Here, because counsel did not make an offer of proof, we do not know how Besch would have answered counsel's question about what he said when Schoessler regained consciousness. Thus, it is not clear what statement Besch sought to have admitted. Absent this information, we cannot determine whether Besch's statement expressed his then present emotions or feelings in a manner relevant to the issues (e.g., an expression of surprise that Schoessler was injured), or whether the statement was about what he remembered or believed (e.g., that he had not intended to hurt her). ER 803(a)(3) allows admission of statements expressing state of mind or emotion while expressly excluding statements of memory or belief.

The trial court acknowledged that intent and state of mind were relevant, and defense counsel was permitted to ask "other questions" about Besch's intent. 3 VRP at 383. Besch then testified that he felt "shock[ed] and scared" and was "trying to help her." *Id.* at 384, 399. The trial court did not abuse its discretion in allowing direct testimony about Besch's intent and state of

5

mind, while excluding testimony about an out of court statement made to Schoessler when she regained consciousness without an offer of proof as to what Besch said when Schoessler regained consciousness.

## II. RIGHT TO PRESENT A DEFENSE

Besch asserts that the trial court's evidentiary ruling also denied his state and federal constitutional rights to present a defense. Besch argues that his state of mind was "highly relevant to an element of [second degree assault]," specifically, whether Besch acted intentionally in striking Schoessler in the face. Br. of Appellant at 11. Besch believes it would be reasonably likely that the jury would have acquitted Besch had they heard the excluded answer to defense counsel's question. The State responds that Besch was still allowed to testify about his intent and "produce relevant evidence supporting his central defense theory" that the blow to Schoessler was an accident. Br. of Resp't at 19-20. The State further argues that even if the trial court erred in excluding the statement, the error was harmless.

The Sixth Amendment to the United States Constitution and article 1, section 22 of the Washington Constitution grant a defendant a constitutional right to present a defense. *State v. Jennings*, 199 Wn.2d 53, 63, 502 P.3d 1255 (2022). However, "the Constitution permits judges 'to exclude evidence that is repetitive . . . , only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues.'" *Jennings*, 199 Wn.2d at 63 (quoting *Holmes v. South Carolina*, 547 U.S. 319, 326-27, 126 S. Ct 1727, 164 L. Ed. 2d 502 (2006)) (internal quotation marks omitted). We must "weigh the defendant's right to produce relevant evidence against the State's interest in limiting the prejudicial effects of that evidence." *Id.*

6

In *Jennings*, the defendant appealed the trial court's decision to exclude a toxicology report showing that the homicide victim "had methamphetamine in his system at the time of death." 199 Wn.2d at 56. The defendant argued that the "toxicology report was crucial because it corroborated his testimony regarding self-defense." *Id.* at 66. In turn, the State argued that since the defendant was "still able to testify regarding his subjective fear and belief that [the victim] was high," the toxicology report "merely bolster[ed] credibility," as opposed to being "necessary to present a defense." *Id.* at 66-67. The Supreme Court accordingly held that exclusion of the toxicology report did not violate the defendant's constitutional rights. *Id.* at 67.

Similarly, here, the exclusion of the answer to defense counsel's question did not violate Besch's constitutional right to present a defense because Besch was able to otherwise offer evidence to support his theory that Schoessler's injury was an accident. Besch testified at trial that he tripped and accidentally struck Schoessler's face. He testified about his own state of mind on the night of the incident. The trial court expressly permitted defense counsel to ask additional questions that would establish a lack of intent after sustaining the hearsay objection. Besch was permitted to testify as to his shock and fear, and the "thoughts going through [his] head," all of which could help establish his lack of intent. 3 VRP at 384. And a responding officer testified that Besch claimed the injury was an accident and he was apologetic on the night of the incident.

As in *Jennings*, while the excluded statement could have supported Besch's version of events, by no means did its exclusion deprive him of the ability to present his defense that Schoessler's injury was an accident. Thus, the interest in excluding evidence that was otherwise inadmissible under the hearsay rule outweighs the minimal interest in bolstering the other

No. 56716-4-II

testimony in which Besch consistently maintained that Schoessler's injury was an accident. As a

result, we need not reach harmless error.

CONCLUSION

We affirm Besch's conviction.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Che, J.

Birk, J.[1]

---

[1] Sitting in Division II pursuant to RCW 2.06.040 by order of the Associate Chief Justice.